ARCHER *v.* ARND and others.

*(Circuit Court, E. D. Missouri, E. D.* June 20, 1887.)

1. PATENTS FOR INVENTIONS — SCOPE OF PATENT — COMBINATION OF OLD DEVICES — MECHANICAL EQUIVALENTS.
   Patent No. 102,688, reissued as No. 7,320, relating to barbers' and dental chairs, containing seven elements, all of them old, in combination, *held,* that the doctrine of mechanical equivalents must be restricted within reasonable limits, and that defendants, who were manufacturing under no patent, and who used two elements which were not equivalent to the devices of the plaintiff, did not infringe his patent.

2. SAME — REISSUE — VALIDITY.
   The reissued patent No. 7,320 is void, as having been issued more than six years after the original issue, and as intended to cover separate elements of the combination, and thereby broaden the terms of the original grant.

3. SAME — DISMISSAL WITHOUT PREJUDICE.
   In such a case an application for dismissal without prejudice, as to one of the defendant manufacturers, was denied.

In Equity.

The patent litigated in this case was issued May 3, 1870, to Michael Leidecker, of Rochester, New York, under No. 102,688, and reissued to Leidecker, September 26, 1876, under No. 7,320. The patent related to barbers' and dental chairs. The second claim of the patent sued on, the only one held to be infringed, reads: "(2) The toothed-block, C, arm, D, spring or springs, K, toggle-arms, E, G, shaft, H, and pedal, I, combined with the parts, A, B, of the chair, in the manner described, and for the purpose specified."

Defendants claimed that in the chairs they were manufacturing they had no block, C, no toggle-arms, E, G, and no shaft, H. They admitted their use of the other elements of the combination, but claimed a different use of the arm, D. Their claims as to the shaft, H, and the toggle-bars, E, G, were as follows:

"'They have not the rock-shaft, and the only possible thing that could be construed to be the equivalent of the rock-shaft is the pivot-pin of the segment; but this does not rock, nor does it extend to one side of the chair, affording a means for locating the pedal at the right-hand side of the chair, as the patentee specifically sets forth as being one of the leading distinctive features of his invention. The defendants' pedal is located directly in the middle of the chair, and does not have the alleged advantage as to locating it at the right-hand side of the chair, as specified in the patent. The simple

pivot-pin cannot, therefore, be held as an equivalent of the shaft, H, of the complainant's patent, as it does not operate in the same way, nor does it produce the same, or substantially the same, result. Neither can the wires connecting the spring-bolt to the triangle or segment, and connecting the latter to the pedal, be held as the equivalent of the toggle-bars described in the patent, because they necessitate the use of the triangle or segment."

The reissue sued on covered the claim of the principle "of a jointed or pivoted lever connection, extending across the bottom of the chair," etc., while it appeared that the original patent was for a combination of elements, all admitted to be old.

*Smith & Burgett* and *S. N. Holliday*, for complainant.

*Edward J. O'Brien* and *George H. Knight*, for respondents.

THAYER, J. The bill in this case is dismissed. For the information of counsel, the court states the grounds of its decision briefly, as follows:

1. Complainant's patent is on a combination for inclining dentist and barber chairs. There are many kindred devices in use for the same purpose. The seven elements composing the complainant's combination are all old. In such cases the doctrine of mechanical equivalents should be given a restricted operation, so as to confine the patentee, within reasonable limits, to the particular combination covered by his patent, and not to interfere with the rights of others. Acting on this principle the court finds that the bell-crank, and axis of the same, used by the defendant in the construction of barber chairs, is not the equivalent of the "rock-shaft" described in complainant's specifications; that the spring-bolt employed by the defendant is not the equivalent of the "toggle-arms" shown in complainant's patent. The result of the finding is that defendant has not infringed complainant's patent.

2. The court is furthermore of the opinion that the reissued patent upon which complainant sues is void because it was issued more than six years after the grant of the original patent, and was evidently intended to broaden the original invention, and in point of fact has that effect. The original letters patent contain but one claim embracing seven elements in combination. In the reissued patent that claim is substantially reproduced as claim No. 2, and two additional claims have been added. The additional claims found in the reissued letters seem to have been intended to cover separate elements of the combination, thereby broadening the terms of the original grant after the lapse of more than six years, and bring the case within the purview of the following cases, to-wit: *Miller* v. *Brass Co.*, 104 U. S. 350; *Mathews* v. *Machine Co.*, 105 U. S. 54; *Mahn* v. *Harwood*, 112 U. S. 354, 5 Sup. Ct. Rep. 174.

3. I also deny the application to dismiss the bill without prejudice, as against the defendant Henry Arnd.